UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
APR 26 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-333-GWU

VANESSA SMITH, PLAINTIFF,

VS: MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT,

## INTRODUCTION

Vanessa Smith brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes,

1

the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742

2

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

3

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range

4

of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The ALJ concluded that Smith, a 43 year-old former emergency medical technician/dispatcher and salad bar preparation worker with a high school education, suffered from impairments related to lumbar and thoracic disc disease, a dysthymic disorder, gastroesophageal reflux disease, and a generalized anxiety disorder. (Tr. 17, 19). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 23). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 23-24). The ALJ based this decision, in part, upon the testimony of a vocational expert. (Tr. 22).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Daryl Martin

5

included an exertional limitation to light level work along with such non-exertional limitations as (1) an inability to lift or carry more than 10 pounds; (2) a need for a sit/stand option allowing for frequent position changes; (3) a limitation to low stress work without public contact; (4) no worse than a "moderate" limitations of basic mental work activities; and (5) a restriction to simple, repetitive work. (Tr. 442). In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Tr. 443-444). Therefore, assuming that the vocational factors considered by Martin fairly depicted Smith's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical restrictions of the hypothetical question, the undersigned can find no error. The question was fully consistent with restrictions identified by Dr. John Rawlings (Tr. 175-185) and Dr. James Ross (Tr. 256-266), the non-examining medical reviewers. Such treating and examining sources as the staff at Appalachian Regional Healthcare (Tr. 153-154), the staff at Central Baptist Hospital (Tr. 155-159), the staff at Marymount Hospital (Tr. 160-166), the staff at Samaritan Hospital (Tr. 167-174), the staff at the Spine and Brian Neurological Center (Tr. 186-188, 279-304, 417-420), the staff at the Appalachian Regional Heart Center (Tr. 199-206), and the staff at Mary Breckinridge Healthcare (Tr. 267-278, 305-383, 413-416), did not identify the existence of more severe physical restrictions than those found by the ALJ. These reports provide substantial evidence to support the administrative decision.

Dr. Hughes Helm, an examining consultant, stated that the plaintiff "may have difficulty with lifting, carrying or handling objects. (Tr. 238) (emphasis added) The plaintiff asserts that these restrictions should have been presented

6

to the vocational expert. However, the question did include extensive lifting and carrying limitations which would fairly characterize this opinion. While no limitation was included with regard to handling objects, the Court notes that Dr. Helms did use the word "may" rather than "would" with regard to the limitation and, so, this was not a definitive restriction. Dr. Ross, the medical reviewer, did see Dr. Helms' report (Tr. 264) as well as numerous other medical reports and did not feel the need to impose a limitation in this area (Tr. 259). Under these circumstances, the Court finds no error in omitting this limitation.

The ALJ also dealt properly with the evidence of record relating to Smith's mental condition. The plaintiff's treating staff at the Kentucky River Comprehensive Care Center did not impose specific mental limitations. (Tr. 384-412). The plaintiff's Global Assessment of Functioning (GAF) was rated at 80-85. (Tr. 401). Such a GAF suggests the existence of only minimal to slight, transient symptoms according the American Psychiatric Association's Diagnostic and Statistical Manual for Mental Disorders (4th Ed.-Revised 1994). Thus, the ALJ's findings would appear consistent with the opinion of the treating source. Neither Psychologist Jay Athy (Tr. 221) nor Psychologist Jane Brake (Tr. 241), the non-examining medical reviewers, thought that the claimant suffered from a "severe" mental impairment and these opinions also buttress the administrative decision. Finally, the hypothetical question was essentially compatible with the limitations identified by Dr. Kevin Eggerman, an examining consultant. (Tr. 219). Dr. Eggerman did note a "mild to moderate" restriction with regard to interacting with supervisors and co-workers which was not specifically presented in the question. However, Social Security Ruling 85-15 indicates that only a substantial loss of ability in this area would be totally disabling. Therefore, the Court finds no reversible error.

7

The Court notes that Smith submitted several additional medical records from Kentucky River directly to the Appeals Council which were never seen by the ALJ. (Second Administrative Transcript). This action raises an issue concerning a remand for the taking of new evidence before the Commissioner. Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993). A court may order additional evidence be taken before the Commissioner, "...but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding..." 42 U.S.C. Section 405(g). The plaintiff has failed to meet her burden of proof by adducing arguments as to why such a remand would be required.

The undersigned concludes that the administrative decision should affirmed. Therefore, the Court must grant the motion of the defendant and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the  26  day of April, 2006.

G. WIX UNTHANK
SENIOR JUDGE